UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
FRANK DEVITO, ISIS INTERNATIONAL
INC., and SLIDEX CORP.,

                          Plaintiffs,                  CV 07-2453 (DRH) (ETB)

   -against-                                   <u>REPORT AND
                                                                               RECOMMENDATION</u>

CARMEN PRESTON, CLIFTON PRESTON,
LLOYD PRESTON, and WILLIAM OWEN,

                          Defendant.
------------------------------------------------------------------------x

TO THE HONORABLE DENIS R. HURLEY, UNITED STATES DISTRICT JUDGE:

      This is a diversity action initiated by plaintiffs' counsel, Kevin P. Quill, on June 19, 2007. The Complaint alleges a conversion of assets arising out of a live-in arrangement which went bad between the plaintiff, Frank DeVito, and the lead defendant, Carmen Preston. According to the allegations of the Complaint, both of these parties are New York residents. (Compl. ¶¶ 5 ("Plaintiffs Frank DeVito, and owner of Slidex corp., & ISIS International Inc. are residents of Suffolk County, NY residing at 64 Meredith Lane Oakdale, NY 11769."), 6 ("Defendant Carmen Preston is the owner of a home at, 6 Overlook Rd. N., North White Plains 10603, who conspired to co[n]vert the assets of Plaintiffs, DeVito, ISIS International Inc., Slidex Corporation are [sic] New York State Corporations."))

      The Complaint further alleges that the defendant, Clifton Preston, son of Carmen Preston "is a resident of Westchester County residing at 35 Cleveland Street, Valhalla NY 10595 . . . ." (Compl. ¶ 7.) The remaining defendants, another son, Lloyd Preston, and the latter's "business

-1-

partner" reside in West Palm Beach, Florida. (Compl. ¶¶ 8-9.) In addition, as noted above, both corporate plaintiffs are New York domiciled.

At the initial conference held on November 16, 2007, the court sua sponte raised the obvious issue of subject matter jurisdiction. The Order emanating from that conference initially noted that

> [t]he complaint alleges that the plaintiffs are New York residents for purposes of diversity jurisdiction as are the defendants Carmen Preston and Clifton Preston, two of the four named defendants in this action.

(Order of Boyle, J., dated Nov. 16, 2007.) The Order further directed the plaintiffs to address the court with respect to diversity jurisdiction:

> The plaintiff is directed to show cause on or before November 30, 2007 by affidavit and memorandum of law why this action should not be dismissed for lack of federal subject matter jurisdiction.

(Id.)

## DISCUSSION

The plaintiffs have failed to provide any submission responsive to the show cause order dated November 16, 2007. The complaint contains allegations that defeat any claim of diversity jurisdiction. See Viacom Int'l, Inc. v. Kearney, 212 F.3d 721, 726 (2d Cir. 2000) ("A case falls within a federal district court's original diversity jurisdiction only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State.") (internal citation omitted); see also St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant."); Prieto v. Election.com, No. 04-CV-

4413, 2005 U.S. Dist. LEXIS 38241, at *7 (E.D.N.Y. Dec. 29, 2005) (dismissing action for, inter alia, lack of diversity jurisdiction where proposed second amended complaint alleged that plaintiff and one of the defendants were both residents of New York); Cobian v. Human Res. Admin., No. 03 Civ. 3054, 2004 U.S. Dist. LEXIS 18378, at *4 (S.D.N.Y. Sept. 10, 2004) (dismissing complaint for, inter alia, lack of diversity jurisdiction where complete diversity was lacking when plaintiff and at least two of the defendants were all residents of New York).

RECOMMENDATION

This action should be dismissed for lack of jurisdiction.

OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within ten (10) days of the date of this report. Failure to file objections within ten (10) days will preclude further appellate review of the District Court's order. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), and 72(b); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822 (1994); Frank v. Johnson, 968 F.2d 298 (2d Cir. 1992), cert. denied, 506 U.S. 1038 (1992); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

SO ORDERED.

Dated: Central Islip, New York
December 5, 2007

                                                     /s/ E. Thomas Boyle
                                                   HON. E. THOMAS BOYLE
                                                   United States Magistrate Judge